WILLIAMS, Judge.
This is an appeal from a decision of the. trial court determining the proper method for distribution of revenue sharing funds in Orleans Parish for the year 1979.
Article VII, Section 26 of the 1974 Louisiana Constitution provides for revenue sharing. The primary recipients of these funds are tax recipient bodies within the parishes. The funds are to be used to offset current losses attributable to homestead exemptions. In 1979, $9,002,553.00 was available to the tax recipient bodies in Orleans Parish. Because this amount was not enough to fully compensate these bodies for their losses, the money had to be prorated in accordance with the formula contained in Act 736, Section 9(C), which is based on millage[1]. A controversy arose over the proper method of distribution of the funds. The City of New Orleans [“City”] filed a petition for a declaratory judgment to determine the proper allocation of the revenue sharing funds, naming the Orleans Parish School Board [“School Board”], Board of Levee Commissioners of the Orleans Levee District [“Levee Board”], Board of Liquidation, City Debt [“Board of Liquidation”], and Sewerage and Water Board of New Orleans [“S & WB”] as defendants. It is from the ruling of the trial court that the City now appeals.
There are three basic issues presented by this appeal: (1) is the Board of Liquidation a “tax recipient body” for the purposes of revenue sharing?; (2) if the Board of Liquidation is a tax recipient body, but is not entitled to any revenue sharing funds for 1979, how is its share of the funds to be allocated?; and (3) what is the proper basis for determining the amount of revenue sharing funds that are due to the School Board?
There is no doubt that the Board of Liquidation is a tax recipient body. Simply, it receives taxes; no other characteristic is required of it by statute or by the constitution. Because the Board of Liquidation did not sustain any losses attributable to homestead exemptions in 1979, it was not eligible for revenue sharing funds for that particular year. If, however, in the future, the Board of Liquidation should suffer a loss due to homestead exemptions it would then be entitled to receive revenue sharing funds.
The City argues that it is entitled to that portion of the revenue sharing funds that would have been allocated to the Board of Liquidation had it suffered a loss due to homestead exemptions. The City bases its claim on Article XIV, Section 24 of the 1921 Louisiana Constitution (made statutory by Article XIV, Section 16 of the 1974 Louisiana Constitution) requiring that any residue remaining after payment of certain tax funds and the City’s bonded indebtedness be paid over to the City for general municipal purposes. The City argues that the Board of Liquidation’s share of the funds amounts to such a residue, and that, therefore, the money belongs to the City.
*580 We need not address the City’s argument at this time. Because the Board of Liquidation was not entitled to any revenue sharing funds for 1979 there is no excess that could possibly be construed as residue.
The trial court, in its well-reasoned judgment, correctly rejected the City’s argument and allocated the revenue sharing funds among the tax recipient bodies that were entitled to the funds for that particular fiscal year.
As discussed earlier, the percentage of revenue sharing funds that each tax recipient body should receive is based on the millage levied by each body for that year. The School Board argues that the amount of millage used by the trial court in determining its share of the funds for 1979 was incorrect.
Section 5 of Act No. 617 of 1977 authorized all tax recipient bodies to levy an additional millage in 1979 to compensate for any revenue that they might have lost as a result of inaccurate information provided to them in 1978. The School Board was the only tax recipient body in Orleans Parish to take advantage of this opportunity and, in 1979, levied an additional 1.91 mills to compensate for its 1978 loss. The School Board levied a total of 27.57 mills in 1979. The trial court determined that the School Board’s share of the funds to be allocated in 1979 should be based on a levy of 25.66 mills, rather than 27.57 mills because the actual levy included the additional 1.91 mills for 1978. The School Board argues that the entire millage levied should be used in calculating its share of funds.
Section 26 of Article 7 of the 1974 Louisiana Constitution states that the funds allocated to the tax recipient bodies are to be used to offset current losses. To allow the School Board to include the extra 1.91 mills in its calculations for the fiscal year 1979 would be in direct contravention of this stated purpose. The trial court correctly adjusted the 1979 millage in its calculations.
For the foregoing reasons, the decision of the trial court is AFFIRMED.
AFFIRMED.

. This Act provides in part: “If the amount distributed to the tax collector and the city of New Orleans is less than the amount required to reimburse tax losses on the basis of the tax rolls of the current calendar year as provided in Subsection A of this Section, the tax collector and the city of New Orleans shall prorate such lesser amount among the various tax recipient bodies within the parish so that the lesser amount received by each tax recipient body shall be proportionate to the reduction in the total amount distributed to each parish, .... ”