Dear Mr. Carson:
You have requested the opinion of this office regarding a proposed Intergovernmental Cooperative Agreement Receipt and Release (the "ICARR") between the St. Tammany Parish Police Jury (the "Jury") and the St. Tammany Parish Library Board of Control (the "Library Board"). Pursuant to your correspondence and the documents enclosed therewith, it is our understanding that the proposed ICARR is an attempt to resolve a conflict regarding whether certain revenue sharing funds, appropriated annually to St Tammany Parish, should go to the Jury or to the Library Board. The revenue sharing funds in question have been appropriated to St. Tammany Parish in the years 1990, 1991 and 1992 as follows:
 "For purposes of this subsection only, tax recipient bodies shall mean and include any recipient of funds hereunder, but limited solely to such specified disbursements. . . In no event shall any amount be deemed available within the meaning of Article VII, Section 26 of the Constitution of Louisiana to reimburse losses attributable to homestead exemptions for taxes authorized after January 1, 1978, and any renewals thereof, with the following basic exceptions:
* * *
 The following new millages shall share on a pro rata basis with all other tax recipient bodies in their respective parishes:
 * * * St. Tammany
 All millages, and in particular the parish library millages authorized by the electorate on April 5, 1980 and May 5, 1984, listed on the tax roll, except the sheriff's original millage, shall share on a pro-rata basis" (Act 763 of 1990, Act 945 of 1991 and Act 1048 of 1992)
The difficulty the Jury and the Library Board now face stems from a perceived conflict between Attorney General Opinions No. 85-592, dated October 15, 1985 and No. 91-497, dated December 5, 1991. Opinion No. 85-592 states that the Jury "is one of the tax recipient bodies" of St. Tammany Parish entitled to receive state revenue sharing funds. Opinion No. 91-497 states that the St. Tammany Parish Library Board is also a "tax recipient body", and therefore entitled to receive revenue sharing funds directly.
Your request has been the subject of considerable discussion in our office and we acknowledge that we are faced with what we believe are some irreconcilable inconsistencies in the law.
The first issue to be addressed is the interpretation of the decision rendered in City of New Orleans v. Orleans Parish School Board, 427 So.2d 578 (La.App. 4 Cir. 1983), writ denied,433 So.2d 1056 (La. 1983). The City of New Orleans decision held that the Board of Liquidation, City Debt of the City of New Orleans was a "tax recipient body" for purposes of receiving revenue sharing funds. The decision states:
 "There is no doubt that the Board of Liquidation is a tax recipient body. Simply, it receives taxes; no other characteristic is required of it by statute or by the constitution."
The above quoted statement is quite broad, and can be interpreted to apply to innumerable entities which are the ultimate recipients of tax revenues, including the Library Board. On the other hand, the decision might properly be limited to a definition of "tax recipient body" which applies only to entities that are the direct recipients of ad valorem taxes, pursuant to some statutory authority, which would apply to both the Board of Liquidation and the Police Jury. The Board of Liquidation receives ad valorem tax proceeds by virtue of a provision contained in La. Const (1921) Art. 14, Secs. 23-24.23, made statutory by La. Const (1974) Art XIV, Sec. 16. The Jury's authority to receive ad valorem tax revenues stems from its constitutional and statutory authority to levy and collect taxes.
The proper interpretation of the City of New Orleans decision would best be obtained from judicial clarification. In that regard, St. Tammany Parish may choose to seek judicial guidance.
Some confusion, and room for differing legal interpretation, also stems from the very language utilized in the Revenue Sharing Act(s), which we will requote here, for convenience:
 "The following new millages shall share on a pro rata basis with all other tax recipient bodies in their respective parishes" (emphasis added)
It is the opinion of this office, that by equating `millages' with `tax recipient bodies', the legislature has evidenced it's intent that the `millages' referred to shall receive a portion of the revenue sharing funds allotted to St. Tammany Parish. Since a `millage' is not an entity, as is the Library Board or the Jury, it is not capable of receiving funds.
However, it is the opinion of this office that by allocating a portion of revenue sharing funds to the library millages, it was the intention of the legislature that the funds so received be utilized for the same purposes, and in the same manner as the original tax revenues generated by the library millages, no matter which entity is entitled to receive and control disbursement of the funds. In this regard, Opinions No. 85-592 and No. 91-497 are reconcilable.
On the grounds that the revenue sharing funds attributable to the library millages must be utilized for library purposes, it is our opinion that the ICARR is contrary to law.
Despite our opinion, we note that the Revenue Sharing Act(s) are unclear as to whether the funds allocated to the library millages should be allocated solely to the Jury or solely to the Library Board, or if the funds should somehow be allocated between them. The Revenue Sharing Acts state, as above quoted: "For purposes of this subsection only, tax recipient bodies shall mean and include any recipient of funds hereunder. . .". The legislature's broad definition of tax recipient body in this section lends itself to the same problems of interpretation as discussed in connection with the City of New Orleans decision. The jury and the Library Board may wish to seek legislative clarification.
Because we have based our opinion regarding the legality of the ICARR upon our interpretation of the Revenue Sharing Act(s), our opinion on the constitutionality of the ICARR is pretermitted.
However, to confirm our telephone conversations with your office regarding constitutional issues, we have suggested that the Library Board may not have the authority to relinquish its claim for the funds, in accordance with the Supreme Court decision rendered in City of Port Allen v. Municipal Risk Management Agency, Inc., 439 So.2d 399 (La. 1983). That decision held that a political subdivision may not give away its assets, even for a public purpose, if it is under no obligation to do so. As we understand the ICARR, some of the consideration to the Library Board is for past services rendered by the Jury with no expectation of remuneration.
We have also advised your office that we question the Library Board's acceptance of services in consideration of the funds, as some of the services referred to may be statutorily required of the Jury pursuant to R.S. 25:211, et seq. Furthermore, pursuant to R.S. 33:1236(35)(a), the Jury cannot charge the Library Board more than four percent of the revenues of the Library Board for services rendered by the Parish's administrative office.
We trust this opinion adequately responds to your request. Should you require additional assistance, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 JEANNE-MARIE ZERINGUE Assistant Attorney General
RPI:JMZ:jav